AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

LAWRENCE LABBADIA
North Providence, Rhode Island

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 1:05M157A

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about October 18, 2004 in ______ county, in the ______ District of Rhode Island defendant(s) did, (Track Statutory Language of Offense)

knowing and intentional distribution of in excess of 500 grams of a mixture and substance containing cocaine, a Schedule II controlled substance

in violation of Title 21 United States Code, Section(s) 841(a)(1) and (b)(1)(B).

I further state that I am a(n) Special Agent (Official Title) and that this complaint is based on the following facts:

See attached Affidavit of Brian S. Womble, Special Agent, Federal Bureau of Investigation

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

[signature]
Signature of Complainant

Sworn to before me and subscribed in my presence,

12/14/05 at Providence, Rhode Island

Date — City and State

LINCOLN D. ALMOND
United States Magistrate Judge

Name & Title of Judicial Officer

[signature]
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AFFIDAVIT OF SPECIAL AGENT BRIAN S. WOMBLE

I, Brian S. Womble, having been duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed for over six years. I am presently assigned to the Providence, Rhode Island office, investigating organized crime activities of the New England La Cosa Nostra (NELCN), including drug trafficking.

2. This affidavit is submitted in support of an arrest warrant and criminal complaint for LAWRENCE LABBADIA of North Providence, Rhode Island, born in 1954, and having 4089 as the last four digits of his Social Security number, for the offense of the knowing and intentional distribution of in excess of 500 grams of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), on October 18, 2004. LABBADIA has a federal conviction for trafficking in marijuana for which he was sentenced to 63 months imprisonment in 1992.

3. This affidavit is based on my personal knowledge, and based upon information provided to me by other law enforcement officers. This affidavit is not intended to set forth all of the information that I and other law enforcement personnel have learned during this investigation, but is submitted to establish probable cause in support of an application for the criminal complaint and arrest warrant.

4. During the course of my investigation, I used the services of a cooperating witness, hereafter CW. The CW has been paid for his assistance and has a criminal history for offenses such as larceny and negotiating checks without sufficient funds.

5. During the course of this investigation, conversations between the CW and LABBADIA were recorded on audio tape. Law enforcement officers also surveilled LABBADIA as he met with the CW. During meetings with the CW, LABBADIA agreed to sell a kilogram of cocaine to an individual known to both the CW and LABBADIA. Unknown to LABBADIA was the fact that this individual was a Special Agent of the FBI working undercover, hereafter UCA. Conversations between the UCA and LABBADIA were also recorded on audio tape.

6. On October 18, 2004, at approximately 2:00 p.m., LABBADIA and the UCA met on Silver Spring Street, Providence, Rhode Island for the purpose of conducting the cocaine transaction. The UCA was operating an undercover vehicle. The UCA pulled his vehicle over to the curb. LABBADIA walked up to the UCA's vehicle and placed a package on the front seat of the UCA's vehicle. After doing so, LABBADIA was arrested without a warrant by other federal agents. The package delivered to the UCA by LABBADIA was found to contain suspected cocaine. It was subsequently analyzed by the Rhode Island Forensic Science Laboratory. The substance was positive for cocaine powder with a weight of 999.84 grams.

7. LABBADIA was taken to the Providence FBI office where he was advised of his Miranda Warning and agreed to cooperate with federal agents and other law enforcement officers . As part of the agreement, LABBADIA agreed to follow the directions of federal agents and understood that no promise was made as to whether or not he would be charged with a crime. LABBADIA admitted to delivering the cocaine to the UCA, identified his cocaine supplier, and provided information about other associates and members of the NELCN.

8. LABBADIA did supply some historical information which federal agents did deem relevant. However, LABBADIA's cooperation dating from the

date of his arrest was minimal. No arrests resulted from recorded conversations and other information supplied by LABBADIA due to his overall lack of effort to follow up on investigative suggestions made to him by federal agents and due to the lack of evidence generated by his conversations and information. As noted, LABBADIA failed to follow the directions of federal agents. For example, in the past, LABBADIA failed to return repeated telephone calls made to him by federal agents. LABBADIA also failed to keep federal agents advised of his current whereabouts. LABBADIA was also instructed to tape record all telephone and in-person conversations which he had with certain identified associates and members of the NELCN. The FBI provided LABBADIA with a recording device for this purpose. LABBADIA admitted to federal agents that he often had conversations and meetings with NELCN associates and members which he failed to record and failed to advise federal agents in advance of such meetings. Further, months after his arrest, LABBADIA delivered numerous savings bonds to federal agents. LABBADIA admitted the bonds were stolen. The bonds had been issued in the 1970s to a woman who had died in 1991. Despite his cooperation agreement, LABBADIA did not immediately surrender the bonds after his arrest, but waited over six months before doing so.

9. Based upon the foregoing, I believe that probable cause exists to charge LABBADIA with the offense described in paragraph 2 above.

Brian S. Womble
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to under oath before me this 14th day of December 2005, at Providence, Rhode Island.

LINCOLN D. ALMOND
United States Magistrate Judge
District of Rhode Island