IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-008T |
| | ) | |
| LAWRENCE LABBADIA | ) | |

GOVERNMENT'S PROPOSED INSTRUCTIONS

The attached proposed instructions are hereby offered by the Government.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
First Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5002 (fax)
Kenneth.madden@usdoj.gov
R. I. Bar # 1680

CERTIFICATION

I hereby certify that on the 4th day of January, 2007, I served the Within Government's Proposed Instructions, ordinary mail and postage prepaid, to:

Kevin J. Fitzgerald
Assistant Federal Defender
Office of the Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

_______________________

1. DISTRIBUTION OF A CONTROLLED SUBSTANCE

THE ESSENTIAL ELEMENTS OF DISTRIBUTION OVER FIVE HUNDRED (500) GRAMS OF COCAINE IN VIOLATION OF 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) ARE:

1. THAT THE DEFENDANT DISTRIBUTED COCAINE; AND

2. THAT THE AMOUNT OF COCAINE EXCEEDED FIVE HUNDRED (500) GRAMS; AND

3. THAT THE DEFENDANT ACTED KNOWINGLY AND INTENTIONALLY.

Federal Jury Practice And Instructions, Fifth,
O'Malley, Grenig & Lee, § 64.03

## 2. COCAINE AS CONTROLLED SUBSTANCE

YOU ARE INSTRUCTED AS A MATTER OF LAW THAT COCAINE IS A SCHEDULE II CONTROLLED SUBSTANCE. A KILOGRAM IS EQUAL TO 1000 GRAMS. A KILOGRAM OF COCAINE WEIGHS APPROXIMATELY 2.2 POUNDS.

Adapted from Federal Jury Practice And Instructions, Fifth
O'Malley, Grenig & Lee, § 64.13

United States v. Lindia, 82 F.3d 1154, 1159 n.2 (1st Cir. 1996)

3. KNOWINGLY DEFINED

KNOWINGLY MEANS TO ACT VOLUNTARILY AND INTENTIONALLY, AND NOT AS A RESULT OF SOME MISTAKE OR ACCIDENT.

Adapted from Federal Jury Practice And Instructions, Fifth O'Malley, Grenig & Lee, § 17.04

Adapted from Modern Federal Jury Instructions, Instruction 56-6

YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNOWINGLY DISTRIBUTED A CONTROLLED SUBSTANCE. HOWEVER, IT IS NOT NECESSARY THAT THE DEFENDANT HAD KNOWLEDGE OF WHICH PARTICULAR CONTROLLED SUBSTANCE IT WAS, NOR IS IT NECESSARY THAT THE DEFENDANT HAD KNOWLEDGE OF THE WEIGHT OF THE CONTROLLED SUBSTANCE.

United States v. Kairouz, 751 F.2d 467 (1st Cir. 1985)

United States v. Collado-Gomez, 834 F.2d 280 (1st Cir. 1987)

4. DISTRIBUTE DEFINED

DISTRIBUTE MEANS TO DELIVER OR TRANSFER POSSESSION OR CONTROL OF A CONTROLLED SUBSTANCE FROM ONE PERSON TO ANOTHER. THE TERM DISTRIBUTE INCLUDES THE SALE OF A CONTROLLED SUBSTANCE BY ONE PERSON TO ANOTHER.

Adapted from Federal Jury Practice And Instructions, Fifth
O'Malley, Grenig & Lee, § 64.04

Adapted from Modern Federal Jury Instructions,
Instruction # 56-10

United States v. Acevedo, 842 F.2d 502 (1st Cir. 1988)

United States v. Coady, 809 F.2d 119 (1st Cir. 1987)

5. UNANIMOUS VERDICT

YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS. .

## 6. VOLUNTARINESS OF STATEMENT

IN THIS CASE, THE GOVERNMENT HAS PRODUCED EVIDENCE THAT THE DEFENDANT MADE STATEMENTS TO CERTAIN FEDERAL AGENTS. IN ORDER FOR YOU TO CONSIDER THESE STATEMENTS, YOU MUST FIND THAT THE STATEMENTS WERE MADE AND THAT THEY WERE MADE VOLUNTARILY. YOU SHOULD CONSIDER ALL OF THE CIRCUMSTANCES RELATING TO THESE STATEMENTS AND GIVE THE STATEMENTS SUCH WEIGHT AS YOU FEEL THEY DESERVE UNDER ALL OF THE CIRCUMSTANCES.

United States v. Fera, 616 F.2d 590 (1st Cir. 1980).

United States v. Santos, 131 F.3d 16 (1st Cir. 1997)

18 U.S.C. § 3501

## 7. USE OF AN UNDERCOVER AGENT

YOU HAVE HEARD TESTIMONY THAT AN AGENT OF THE FEDERAL BUREAU OF INVESTIGATION WORKED UNDERCOVER DURING THIS INVESTIGATION. THERE IS NOTHING ILLEGAL OR IMPROPER WITH THE GOVERNMENT EMPLOYING THESE TECHNIQUES.

WHETHER OR NOT YOU APPROVE OF THE USE OF AN UNDERCOVER AGENT TO DETECT CRIMINAL ACTS IS NOT TO ENTER INTO YOUR DELIBERATIONS IN ANY WAY. IF YOU ARE SATISFIED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED THE OFFENSES CHARGED IN THE INDICTMENT, THE CIRCUMSTANCE THAT THE GOVERNMENT MADE USE OF AN UNDERCOVER AGENT IS IRRELEVANT TO YOUR DETERMINATION.

United States v. Fera, 616 F.2d 590 (1st Cir. 1980)